UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

KEIRON PHILLIPS,

                              Plaintiff,

                      Case No. 2:20-cv-04738
   v.                                      (BMC)

THE ACADEMY CHARTER SCHOOL,
BOARD OF DIRECTORS OF THE ACADEMY
CHARTER SCHOOL, SANDRA O'NEIL AND
WAYNE HAUGHTON,

                              Defendants.

---------------------------------------------------------------X

## DEFENDANTS' ANSWER TO COMPLAINT

        Defendants THE ACADEMY CHARTER SCHOOL, BOARD OF DIRECTORS OF THE ACADEMY CHARTER SCHOOL, SANDRA O'NEIL AND WAYNE HAUGHTON (all defendants collectively the "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Plaintiff's Complaint (the "Complaint") as follows:

### AS TO "PRELIMINARY STATEMENT"

        1.        Defendants deny the allegations contained in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring claims under the statutes cited and that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claims for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e; breach of contract; intentional infliction of emotional distress; and negligence were dismissed, and deny Plaintiff is entitled to any relief.

        2.        Defendants deny the allegations contained in Paragraph 2 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

3. Defendants aver that Plaintiff seeks to invoke the jurisdiction of this Court as alleged in Paragraph 3 of the Complaint, except deny jurisdiction is properly invoked under 42 § U.S.C. 2000e, as Plaintiff voluntarily dismissed his claim for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16).

4. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

6. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 7 of the Complaint, except deny the allegations asserted by Plaintiff.

8. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of the Complaint.

## AS TO "PARTIES"

10. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Complaint.

11. Defendants deny the allegations contained in Paragraph 11 of the Complaint, except admit that Defendant the Academy Charter School is a charter school and receives public funds.

12. Defendants admit the allegations contained in Paragraph 12 of the Complaint.

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

16. Defendants deny the allegations in contained Paragraph 16 of the Complaint.

17. Defendants deny the allegations contained in Paragraph 17 of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

18. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Complaint, except deny that Plaintiff is presently employed by the Academy Charter School.

19. Defendants admit the allegations contained in Paragraph 19 of the Complaint.

20. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of the Complaint.

21. Defendants admit the allegations contained in Paragraph 21 of the Complaint.

22. Defendants deny the allegations contained in Paragraph 22 of the Complaint.

23. Defendants deny the allegations contained in Paragraph 23 of the Complaint, except refer to the document referenced for the content therein.

24. Defendants deny the allegations contained in Paragraph 24 of the Complaint, except refer to the document referenced for the content therein.

25. Defendants deny the allegations contained in Paragraph 25 of the Complaint.

26. Defendants deny the allegations contained in Paragraph 26 of the Complaint.

27. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in Paragraph 28 of the Complaint.

29. Defendants deny the allegations contained in Paragraph 29 of the Complaint.

30. Defendants deny the allegations contained in Paragraph 30 of the Complaint.

31. Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33. Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in Paragraph 34 of the Complaint.

35. Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 36 of the Complaint.

37. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 37 of the Complaint, except deny that Defendants maintained a "perception" about Plaintiff.

38. Defendants lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in Paragraph 39 of the Complaint.

40. Defendants deny the allegations contained in Paragraph 40 of the Complaint.

41. Defendants deny the allegations contained in Paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in Paragraph 42 of the Complaint, except lack knowledge or sufficient information to form a belief as to the truth or falsity of the allegation as to how principals in other school districts were paid.

43. Defendants deny the allegations contained in Paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in Paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in Paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in Paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in Paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in Paragraph 48 of the Complaint.

49. Defendants deny the allegations contained in Paragraph 49 of the Complaint.

50. Defendants deny the allegations contained in Paragraph 50 of the Complaint.

51. Defendants deny the allegations contained in Paragraph 51 of the Complaint.

52. Defendants deny the allegations contained in Paragraph 52 of the Complaint, except admit that Sandrea Oneil sent Plaintiff an email requesting certain information with respect to performance issues.

53. Defendants deny the allegations contained in Paragraph 53 of the Complaint.

54. Defendants deny the allegations contained in Paragraph 54 of the Complaint, except admit that Plaintiff was suspended in November 2018.

55. Defendants deny the allegations contained in Paragraph 55 of the Complaint.

56. Defendants deny the allegations contained in Paragraph 56 of the Complaint.

57. Defendants deny the allegations contained in Paragraph 57 of the Complaint.

58. Defendants deny the allegations contained in Paragraph 58 of the Complaint.

59. Defendants deny the allegations contained in Paragraph 59 of the Complaint.

60. Defendants deny the allegations contained in Paragraph 60 of the Complaint.

61. Defendants deny the allegations contained in Paragraph 61 of the Complaint.

62. Defendants deny the allegations contained in Paragraph 62 of the Complaint.

63. Defendants deny the allegations contained in Paragraph 63 of the Complaint.

64. Defendants deny the allegations contained in Paragraph 64 of the Complaint.

65. Defendants deny the allegations contained in Paragraph 65 of the Complaint.

## AS TO "THE FIRST COUNT
### Title VII, Civil Rights Act of 1964, 42 U.S.C. §2000e"

66. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 65, with the same force and effect as if more fully set forth herein 0.

67. No response is required to the allegations in Paragraph 67 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 67 of the Complaint.

68. No response is required to the allegations in Paragraph 68 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 68 of the Complaint.

69. No response is required to the allegations in Paragraph 69 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 69 of the Complaint.

70. No response is required to the allegations in Paragraph 70 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged violations of Title VII of the Civil Rights Act of 1964, 42 § U.S.C. 2000e was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 70 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "THE SECOND COUNT
## 42 U.S.C. §1983 – Fourteenth Amendment and First Amendment"

71. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 70, with the same force and effect as if more fully set forth herein.

72. Defendants deny the allegations contained in Paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in Paragraph 73 of the Complaint.

74. Defendants deny the allegations contained in Paragraph 74 of the Complaint.

75. Defendants deny the allegations contained in Paragraph 75 of the Complaint.

76. Defendants deny the allegations contained in Paragraph 76 of the Complaint.

77. Defendants deny the allegations contained in Paragraph 77 of the Complaint.

78. Defendants deny the allegations contained in Paragraph 78 of the Complaint.

79. Defendants deny the allegations contained in Paragraph 79 of the Complaint.

80. Defendants deny the allegations contained in Paragraph 80 of the Complaint.

81. Defendants deny the allegations contained in Paragraph 81 of the Complaint.

82. Defendants deny the allegations contained in Paragraph 82 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "A THIRD COUNT
## 42 U.S.C. §1983 – Due Process and First Amendment"

83. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 82, with the same force and effect as if more fully set forth herein.

84. Defendants deny the allegations contained in Paragraph 84 of the Complaint.

85. Defendants deny the allegations contained in Paragraph 85 of the Complaint.

86. Defendants deny the allegations contained in Paragraph 86 of the Complaint.

87. Defendants deny the allegations contained in Paragraph 87 of the Complaint.

88. Defendants deny the allegations contained in Paragraph 88 of the Complaint.

89. Defendants deny the allegations contained in Paragraph 89 of the Complaint.

90. Defendants deny the allegations contained in Paragraph 90 of the Complaint.

91. Defendants deny the allegations contained in Paragraph 91 of the Complaint, and deny Defendants engaged in the conduct alleged.

92. Defendants deny the allegations contained in Paragraph 92 of the Complaint, and deny Defendants engaged in the conduct alleged.

93. Defendants deny the allegations contained in Paragraph 93 of the Complaint.

94. Defendants deny the allegations contained in Paragraph 94 of the Complaint.

95. Defendants deny the allegations contained in Paragraph 95 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "A FOURTH COUNT
## NYS Executive Law §296 (Pendent State Law Claim)"

96. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 95, with the same force and effect as if more fully set forth herein.

97. Defendants deny the allegations contained in Paragraph 97 of the Complaint.

98. Defendants deny the allegations contained in Paragraph 98 of the Complaint.

99. Defendants deny the allegations contained in Paragraph 99 of the Complaint.

100. Defendants deny the allegations contained in Paragraph 100 of the Complaint.

101. Defendants deny the allegations contained in Paragraph 101 of the Complaint.

102. Defendants deny the allegations contained in Paragraph 102 of the Complaint, and deny Defendants engaged in the conduct alleged.

103. Defendants deny the allegations contained in Paragraph 103 of the Complaint, and deny Defendants engaged in the conduct alleged.

104. Defendants deny the allegations contained in Paragraph 104 of the Complaint.

105. Defendants deny the allegations contained in Paragraph 105 of the Complaint, and deny Defendants engaged in the conduct alleged.

106. Defendants deny the allegations contained in Paragraph 106 of the Complaint.

107. Defendants deny the allegations contained in Paragraph 107 of the Complaint and deny Plaintiff is entitled to any relief

### AS TO "AN [SIC] FIFTH COUNT
### Breach of Contract (Pendent State Claim)"

108. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 107, with the same force and effect as if more fully set forth herein.

109. No response is required to the allegations in Paragraph 109 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 109 of the Complaint.

110. No response is required to the allegations in Paragraph 110 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 110 of the Complaint.

111. No response is required to the allegations in Paragraph 111 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 111 of the Complaint.

112. No response is required to the allegations in Paragraph 112 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 112 of the Complaint.

113. No response is required to the allegations in Paragraph 113 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 113 of the Complaint.

114. No response is required to the allegations in Paragraph 114 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 114 of the Complaint.

115. No response is required to the allegations in Paragraph 115 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 115 of the Complaint.

116. No response is required to the allegations in Paragraph 116 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's

claim for alleged breach of contract was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 116 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "A SIXTH COUNT
**Intentional Infliction of Emotional Distress (Pendent State Claim)"**

117. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 116, with the same force and effect as if more fully set forth herein.

118. No response is required to the allegations in Paragraph 118 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged intentional infliction of emotional distress was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 118 of the Complaint.

119. No response is required to the allegations in Paragraph 119 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged intentional infliction of emotional distress was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 119 of the Complaint.

120. No response is required to the allegations in Paragraph 120 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's

claim for alleged intentional infliction of emotional distress was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 120 of the Complaint.

121. No response is required to the allegations in Paragraph 121 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged intentional infliction of emotional distress was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 121 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "A SEVENTH COUNT
### Negligence (Pendent State Claim)"

122. Defendants repeat and reallege each and every response contained in Paragraphs numbered 1 through 121, with the same force and effect as if more fully set forth herein.

123. No response is required to the allegations in Paragraph 123 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged negligence was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 123 of the Complaint.

124. No response is required to the allegations in Paragraph 124 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's

claim for alleged negligence was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 124 of the Complaint.

125. No response is required to the allegations in Paragraph 125 of the Complaint in that pursuant to the Stipulation of Voluntary Partial Dismissal, Pursuant to Fed. R. Civ. P. 41(A)(1)(A)(ii), so ordered by Judge Brian Cogan on December 7, 2020 (Dkt. No. 16), Plaintiff's claim for alleged negligence was dismissed. To the extent a response is required, Defendants deny the allegations contained in Paragraph 125 of the Complaint and deny Plaintiff is entitled to any relief.

## AS TO "PRAYER FOR RELIEF"

Defendants deny each and every allegation, statement and claim set forth in the "PRAYER FOR RELIEF" section of the Complaint, including subsections a) through j).

## AS TO "JURY DEMAND"

Plaintiff is not entitled to a jury as to any issue of law or fact relating to his claims for equitable relief. Defendants therefore deny that all of Plaintiff's asserted causes of action may be tried by jury, rather than the Court.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## DEFENSES

Without assuming the burden of proof as to any of the following defenses where the law does not impose such a burden on Defendants, Defendants assert the following defenses:

## AS AND FOR A FIRST DEFENSE

The Complaint fails, in whole or in part, to state any claim upon which relief can be granted or for which the damages sought can be awarded.

**AS AND FOR A SECOND DEFENSE**

The Complaint should be dismissed because Plaintiff was an at-will employee and all actions taken with respect to his employment were taken for legitimate and non-discriminatory business reasons.

**AS A.ND FOR A THIRD DEFENSE**

The claims are barred to the extent that they were not asserted and filed within the applicable statutes of limitation.

**AS AND FOR A FOURTH DEFENSE**

At all times relevant hereto, Defendants have acted in good faith and with good cause and have not violated any rights which may be secured to Plaintiff under applicable laws, rules or regulations.

**AS AND FOR A FIFTH DEFENSE**

To the extent Plaintiff has failed to comply with the duty to mitigate alleged losses, any claims for relief for lost earnings and/or benefits, must be set off or reduced by wages, compensation, pay and benefits, or other earnings or remunerations, profits, and benefits received or which would have been earned or received through good faith efforts to mitigate alleged damages.

**AS AND FOR A SIXTH DEFENSE**

Individually named Defendants Sandrea Oneil and Wayne Haughton are not "employers" for purposes of the laws Plaintiff seeks to invoke.

**AS AND FOR A SEVENTH DEFENSE**

Plaintiff's claims for punitive damages are precluded by Defendants' good faith efforts to comply with federal, state and local anti-discrimination and anti-retaliation laws.

## AS AND FOR AN EIGHTH DEFENSE

Plaintiff is not entitled to a trial by jury as to any issue of law or fact relating to Plaintiff's alleged entitlement to any form of equitable relief.

## AS AND FOR A NINTH DEFENSE

Plaintiff's alleged damages were incurred as a result of his own conduct, not the conduct of Defendants and, as such, he cannot recover, allegedly lost compensation, benefits, wages or other relief.

## AS AND FOR A TENTH DEFENSE

To the extent that Plaintiff seeks to recover for injuries, physical and/or emotional, allegedly incurred in the course of or arising out of employment with Defendant, such recovery is barred by the exclusivity of remedies under New York's workers' compensation law

## AS AND FOR AN ELEVENTH DEFENSE

To the extent Plaintiff engaged in acts of misconduct prior to or during employment which, if known by Defendants, would have resulted in termination of Plaintiff's employment, any relief awarded to Plaintiff should be reduced, in whole or in part.

## AS AND FOR A TWELFTH DEFENSE

The Complaint is barred, in whole or in part, because (a) Defendants exercised reasonable care to investigate promptly any alleged harassing, discriminatory, or retaliatory behavior, and (b) Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A THIRTEENTH DEFENSE

The Court should not exercise subject matter, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

## AS AND FOR A FOURTEENTH DEFENSE

Plaintiff's claims are barred from recovery by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH DEFENSE

To the extent Plaintiff's § 1981 claims are based on conduct occurring more than three years prior to the filing of her Complaint, all such claims are time barred. *See e.g., Goodman v. Lukens Steel Co*., 482 U.S. 656, 661, 107 S. Ct. 2617, 2621 (1987) (§ 1981 is governed by state personal injury statute of limitation).

## AS AND FOR A SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches inasmuch as Plaintiff unreasonably delayed in asserting his claim, thereby prejudicing Defendants in their defense of this action.

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant retains the right to amend its Answer to raise additional affirmative defenses and other defenses or pursue any available counterclaims against Plaintiff.

**WHEREFORE**, Defendants request that the Court:

(i) dismiss with prejudice Plaintiff's Complaint;

(ii) deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(iii) award to Defendants reimbursement for the costs and attorneys' fees incurred in the defense of this case; and, grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       December 11, 2020

                               Respectfully submitted,

                               JACKSON LEWIS P.C.
                               *Attorney for Defendants*
                               58 South Service Road, Suite 250
                               Melville, New York 11747
                               (631) 247-4630

By:    s/*Adam G. Guttell*
        Adam G. Guttell, Esq.
        Stacey J. Lococo, Esq.

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 11, 2020, **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participant:

Monte Chandler, Esq.
THE CHANDLER LAW FIRM, PLLC
*Attorneys for Plaintiff*
70 East Sunrise Highway, Suite 500
Valley Stream, New York 11581
Tel: (516) 280-8713
thechandlerlawfirm@icloud.com

      s/*Adam G. Guttell*
      Adam G. Guttell, Esq.

4824-9052-0276, v. 1