UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x
KEIRON PHILLIPS,

                              Plaintiff,

                  v.

THE ACADEMY CHARTER SCHOOL,
BOARD OF DIRECTORS OF THE ACADEMY
CHARTER SCHOOL, SANDRA O'NEIL AND
WAYNE HAUGHTON,

                              Defendants.
------------------------------------------------------------x

Case No. 2:20-cv-04738
(BMC)

## STIPULATION AND ORDER OF CONFIDENTIALITY

**IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff KEIRON PHILLIPS (hereinafter, "Plaintiff") and Defendants THE ACADEMY CHARTER SCHOOL, BOARD OF DIRECTORS OF THE ACADEMY CHARTER SCHOOL, SANDRA O'NEIL, and WAYNE HAUGHTON (hereinafter, "Defendants"), and all together constituting the parties ("Parties") that:

    1.    All information produced by the parties in this action shall be subject to the terms and provisions set forth herein.

    2.    The following terms, as used herein, shall, without limiting the generality of the meaning of said terms, be construed as follows:

        a.    The parties to this action shall mean (i) Plaintiff and any authorized attorney(s) acting on behalf of Plaintiff; and, (ii) Defendants, as well as the employees and representatives of Defendants, and any authorized agent(s), attorney(s) or other entities or person(s) acting on behalf of Defendants.

b. "Confidential Information" means any information, not generally available to the public, pertaining to Plaintiff or to Defendants' employees, clients, consumers, vendors, distributors or business practices where such information or documents are designated by the producing party as confidential or contain information not generally and lawfully known to the public at large. Such designation must occur in one of the following ways: (1) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the other party; (2) information set forth in an affidavit may be so designated by including the word "CONFIDENTIAL" in the affidavit; (3) testimony of any witness deposed on oral examination, or a portion thereof, may be designated "CONFIDENTIAL" by making a statement on the record at the deposition or by marking the pertinent portion of the transcript "CONFIDENTIAL" within 30 days of receipt of the transcript and serving a copy of the marked transcript upon the opposing party; or, it is clear from the content or context that the information is not generally and lawfully known to the public at large.

3. Any confidential information produced in this action shall be used solely for the purpose of litigating the above-captioned matter and for no other purpose. The parties expressly agree that confidential information will not be disclosed to any third party during the pendency of this action and thereafter (except as permitted under the conditions specified in Paragraphs 4 and 5).

4. Except as otherwise provided in this Stipulation of Confidentiality, material designated as "confidential information" by either party may be examined only by the following persons:

6. Each disclosing party may waive the confidentiality provisions of this Stipulation of Confidentiality as to any information it has designated as confidential or any portion thereof, or any document or information that is not generally and lawfully known to the public, only by explicit written waiver, not by inadvertent disclosure. Such waiver shall not result in a waiver of the confidential status of any other information deemed confidential pursuant to this Stipulation of Confidentiality.

7. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI"), or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production. Moreover, nothing in this Order shall prevent a party from withholding production of a document considered privileged (including, but not limited to, on the bases of HIPPA, the attorney-client privilege or attorney work product doctrine) or otherwise protected from production.

8. Any party that desires relief from the provisions of this Stipulation of Confidentiality or desires further protection with respect to discovery may, if agreement cannot be negotiated, seek appropriate relief from the Court upon no less than fourteen (14) days notice to the opposing party.

9. Prior to filing any documents containing confidential information, the parties must obtain leave of the Court to file such documents under seal. Any confidential

information may be filed with the Court without seal if agreed to by the parties or otherwise ordered by the Court.

10. This Stipulation of Confidentiality may be amended by the agreement of the parties in the form of a written amendment to the Stipulation of Confidentiality.

11. This Stipulation of Confidentiality shall remain in full force and effect indefinitely until modified, superseded, or terminated by agreement of the parties hereto or by court order.

12. Within thirty (30) days after the conclusion of this action by final judgment not subject to appeal or by settlement, all documents or other items constituting or containing confidential information and all copies thereof which are in the possession, custody or control of each party or any person gaining possession, custody or control by each party, shall be returned to the opposing party, or certified to be destroyed.

13. Nothing in this Stipulation constitutes an admission or agreement that any document or information is subject to discovery or is admissible as evidence in this case. All rulings with regard to admissibility of evidence will be made at the time of trial.

14. Pending court approval of this Stipulation, the parties agree to abide by all of its terms, as if it had been approved by the Court.

SO AGREED:

| | |
|---|---|
| THE CHANDLER LAW FIRM, PLLC<br>*Attorneys for Plaintiff*<br>70 East Sunrise Highway, Suite 500<br>Valley Stream, New York 11581<br><br>By: _____<br>Monte Chandler, Esq.<br><br>Tel: (516) 280-8713 | JACKSON LEWIS P.C.<br>*Attorneys for Defendants*<br>58 South Service Road, Suite 250<br>Melville, New York 11747<br><br>By: _____<br>Adam G. Guttell, Esq.<br>Stacey Lococo, Esq. |

**SO ORDERED:**

Dated: Feb. 5, 2021
Brooklyn, New York

Digitally signed by Brian M. Cogan

USDJ

6